IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLEO BOULER, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00178-CG-N |
| | ) | |
| DONALD WAYNE ADAMS, III, | ) | |
|     Defendant, | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on review *sua sponte* of its subject matter jurisdiction.[1] This case was removed to this Court from the Circuit Court of Mobile County, Alabama, by the Defendant under 28 U.S.C. § 1441(a). (*See* Doc. 1). In his Notice of Removal (Docs. 1, 6), the Defendant alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) ("It is a well known fact that parties cannot confer jurisdiction upon the federal courts…If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." (quotation omitted)).

States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Under §§ 1332(a) and 1441(a), "[a] defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). "The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills*, 676 F.3d at 1313 ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Upon review *sua sponte* of the Notice of Removal, the undersigned determined that it did not sufficiently demonstrate that § 1332(a)'s requisite amount in controversy is satisfied. Accordingly, the undersigned ordered the Defendant to file, no later than June 20, 2017, "any briefing and evidence deemed necessary to show that § 1332(a)'s requisite amount in controversy is satisfied, or that some other basis for subject matter jurisdiction exists in this action." (Doc. 9 at 4 – 5). In response to that order, the Defendant has timely filed a brief in support of subject matter jurisdiction (Doc. 10). However, the brief simply rehashes arguments already made in the Notice of Removal, with little additional substantive analysis. The Defendant has not presented any additional evidence to demonstrate the requisite amount in controversy, nor has he attempted to allege another basis for subject matter jurisdiction. Upon review, the undersigned again concludes that the

Defendant has failed to demonstrate that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs…" *E.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

The Defendant first asserts that the requisite amount in controversy is facially apparent from the complaint (Doc. 6-2). While the complaint, which alleges two counts for negligence and wantonness related to an automobile accident, does not contain a demand for a specific sum, it does allege the following with regard to the Plaintiffs' injuries in both counts:

> …
>
> 2. As a proximate consequence of the…negligence[ and wantonness] of the Defendant the Plaintiff CLEO BOULER was caused to suffer property damage to his vehicle.
>
> 3. As a proximate consequence of the…negligence[ and wantonness] of the Defendant the Plaintiff LAVELL TATE was caused to suffer neck, back and arm injuries, and she was caused to suffer both physically and emotionally, still so suffers and will so suffer in the future.
>
> 4. As a proximate consequence of the…negligence[ and wantonness] of the Defendant the Plaintiff [A.T.] was caused to suffer right arm and lower back injuries, and he was caused to suffer both physically and emotionally, still so suffers and will so suffer in the future.
>
> 5. As a proximate consequence of the…negligence[ and wantonness] of the Defendant the Plaintiff [S.P.] was caused to suffer both physically and emotionally, still so suffers and will so suffer in the future.
>
> 6. As a further proximate consequence of the…negligence[ and wantonness] of the Defendant the Plaintiffs, LAVELL TATE, [A.T., and S.P.] have been caused to incur medical expenses for treatment of the above described injuries sustained by them.

...

(Doc. 6-2 at 2 – 4). The negligence count ends with a prayer for "general damages plus interest and costs," while the wantonness count requests the same relief as well as "punitive damages. (*Id.* at 2, 4). These allegations are similar to those made in the complaint in *Williams v. Best Buy Co.*, *supra*. In that case, plaintiff Williams filed a complaint in state court "alleg[ing] that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. In addition to permanent physical and mental injuries, the complaint allege[d] that Williams incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. The complaint then allege[d] that Williams will continue to experience each of these losses for an indefinite time into the future. For these injuries, the complaint s[ought] general damages, special damages, and punitive damages in unspecified amounts." *Williams*, 269 F.3d at 1318. Defendant Best Buy removed the case to federal court on the basis of diversity jurisdiction, and the district court subsequently granted summary judgment in favor of Best Buy. On appeal, the Eleventh Circuit Court of Appeals, after "rais[ing] sua sponte the issue of whether the case involved a sufficient amount in controversy to sustain diversity jurisdiction under § 1332[,]" determined that "it [wa]s not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000." *Id.* at 1318, 1320.

Like the complaint in *Williams*, the Plaintiffs demand general and punitive damages against the Defendant. Unlike the complaint in *Williams*, however, they

do not also demand special damages. Like the complaint in *Williams*, three of the four Plaintiffs claim they have incurred medical expenses. Unlike the complaint in *Williams*, however, they do not claim that these expenses are "substantial," nor have they claimed "lost wages" or a "diminished earning capacity." Like the complaint in *Williams*, three of the four Plaintiffs allege physical and mental injuries. The fourth alleges only property damage to his vehicle. Unlike the complaint in *Williams*, however, none of the physical or mental injuries are alleged to be "permanent." Indeed, the present complaint does not even characterize any of these injuries or damage as severe, substantial, or the like. Moreover, nothing in the complaint characterizes the subject automobile accident as particularly severe - indeed, the complaint merely describes it as the Defendant "causing or allowing [his vehicle] to come into contact with [Cleo Bouler's] vehicle…" (Doc. 6-2 at 2, 3). When compared to the allegations in the *Williams* complaint, the undersigned finds that the Plaintiffs' allegations here also do not make it facially apparent from the complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs.[2]

---

[2] "In general, to satisfy the jurisdictional amount a plaintiff's claims against a defendant may be aggregated. However, if these claims are alternative bases of recovery for the same harm under state law, the plaintiff could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy." *SUA Ins. Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (Steele, C.J.) (citation and quotation omitted). *Accord Jones v. Bradford*, Civil Action No. 17-0155-WS-N, 2017 WL 2376573, at *2 (S.D. Ala. June 1, 2017) (Steele, J.) ("No aggregation of claim-by-claim valuations may be done to reach the jurisdictional threshold if the claims presented are alternative bases of recovery for the same harm."). Because the Plaintiffs' claims for negligence and wantonness are simply alternative bases for recovery for the

The Defendant is correct that " 'Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable." ' " *Davidson v. Liberty Mut. Ins. Co.*, Civil Action No. 16-0516-KD-C, 2016 WL 7428220, at *2 (S.D. Ala. Dec. 8, 2016) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010))), *report and recommendation*

---

same harm, they cannot be aggregated to satisfy the requisite amount in controversy for any one Plaintiff. *See Jones*, 2017 WL 2376573, at *3 ("Under any fair reading of Jones' Complaint, her negligence and wantonness claims are simply two different legal theories of recovery for the same injury, not separate and independent claims for relief. Indeed, both the negligence count and the wantonness count rely on the same facts (i.e., Bradford allegedly rear-ending Jones in an automobile accident) to recover for the same damages (i.e., Jones' injuries sustained in the automobile accident). The only difference between them is that Count One pleads that Bradford acted negligently whereas Count Two pleads that she acted wantonly. The underlying conduct and the factual basis for damages are identical from one claim to the next. Therefore, under the authorities cited supra, the $50,000 amount of damages claimed in each of Counts One and Two cannot be aggregated to meet the $75,000 amount-in-controversy threshold prescribed by 28 U.S.C. § 1332(a). Defendant's aggregation argument as to amount in controversy thus fails as a matter of law.").

Moreover, this is not a case where the claims of the individual Plaintiffs may be aggregated to determine the amount in controversy. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002) ("[W]e do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit. *See Zahn v. International Paper Co.,* 414 U.S. 291, 295, 94 S. Ct. 505, 508, 38 L. Ed. 2d 511 (1973). We only aggregate claims 'when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest.' *Id.* at 294, 94 S. Ct. at 508.").

The undersigned first stated these determinations in the order for supplemental briefing on the jurisdictional issue. (*See* Doc. 9 at 3 n.3). The Defendant has not addressed either of those determinations in his brief in support of jurisdiction (Doc. 10), and the undersigned finds no reason to conclude differently here.

*adopted over objections*, 2016 WL 7427215 (S.D. Ala. Dec. 23, 2016).[3]  Nevertheless, as described above, binding Eleventh Circuit case law found allegations similar to those at issue here to be insufficient to facially demonstrate § 1332(a)'s amount in controversy, and no amount of "reasonable deductions, reasonable inferences, or other reasonable extrapolations" can permit this Court to substitute its judgment for that of the Eleventh Circuit.  Of note, the undersigned previously compared the allegations in this case to those in *Williams* in the order for supplemental briefing on the issue of jurisdiction (*see* Doc. 9 at 2 – 3), and the Defendant's supplemental brief does not even mention *Williams*, let alone attempt to distinguish it.

Apart from the allegations in the complaint, the Defendant also argues that the Plaintiffs' responses to certain of the Defendant's Requests for Admissions establish that the requisite amount in controversy is satisfied.  As pointed out by the Defendant, in response to his Request for Admission No. 2, that "[t]his case does not satisfy the 'amount in controversy' requirements of 28 U.S.C. § 1332[,]" the Plaintiffs responded: "Admit." (Doc. 6-3 at 1).  On the other hand, in response to five other Requests for Admission, which collectively sought to have the Plaintiffs admit or deny that they were not seeking or would not accept over $75,000 in damages, the Plaintiffs stated: "While the Plaintiffs do not anticipate an award that will meet or exceed $75,000.00, Plaintiffs' [sic] desire to leave such an amount to the discretion of

---

[3] Because the Defendant relies on this stated reasoning from *Davidson* in both his Notice of Removal and brief in support of jurisdiction, the undersigned has quoted it here.  The Defendant does not attempt to apply any specifics from *Davidson* to this case, and the undersigned observes that in *Davidson* this Court remanded the case after rejecting the defendant's argument that § 1332(a)'s requisite amount in controversy was facially apparent from the complaint.

a Jury." (*Id.* at 1, 3). The Defendant appears to argue that, by giving allegedly inconsistent responses to the Requests for Admissions,[4] the Plaintiffs are in violation of Federal Rule of Civil Procedure 36, and thus their responses should be deemed an admission, or at least a non-denial, that § 1332(a)'s amount in controversy is satisfied.

First, because both the Requests for Admissions and the responses were served prior to removal, the Alabama Rules of Civil Procedure, not the Federal Rules, governed them. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action **after** it is removed from a state court." (emphasis added)). The Defendants have made no effort to explain how the Plaintiffs' responses violate the Alabama Rules. Second, as the undersigned previously observed (*see* Doc. 9 at 4), this essentially amounts to an argument that the Plaintiffs have refused to stipulate that their claims do not exceed $75,000. *Williams* held that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a defendant]'s burden of proof on the jurisdictional issue." 269 F.3d at 1320. Moreover, the district court case cited by the Defendant in support of this argument, though not relying on *Williams*'s holding, is consistent with its reasoning.

In *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08-CV-309-MEF, 2009 WL 707403

---

[4] The undersigned notes that "28 U.S.C. § 1332" contains two separate "amount in controversy requirements" – for ordinary diversity cases, over $75,000, *see* 28 U.S.C. § 1332(a), and for class actions, over $5,000,000, *see* 28 U.S.C. § 1332(d)(2). Given the exact phrasing of Request for Admission No. 2, the Plaintiffs' admission could simply be a concession that § 1332(d)(2)'s amount in controversy is not satisfied, without reaching the issue of whether § 1332(a)'s is also satisfied.

(M.D. Ala. Mar. 16, 2009) (Fuller, C.J.),[5] the removing defendant "attempted to establish facts…sufficient to support jurisdiction by requesting admissions to six questions about the amount in controversy framed in the negative, such as 'you do not claim in excess of $75,000.00 as total damages in this case' and 'you will not seek over $75,000.00 as total damages in this case.' " Plaintiff responded to each of these inquiries with a simple 'Deny.' " 2009 WL 707403, at *3. The district court held that the "Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction." *Id.* at *4 (footnote omitted). That reasoning is equally applicable to the Plaintiffs' discovery responses here, in which they refuse to concede that § 1332(a)'s requisite amount in controversy is satisfied but will leave the ultimate determination of damages to the trier of fact.

Even considered together, the allegations in the complaint and the Plaintiffs' discovery responses are insufficient to establish § 1332(a)'s requisite amount in controversy. *See Williams*, 269 F.3d at 1320. (finding the pleadings "inconclusive as to the amount in controversy" where removing defendant only cited the allegations in the complaint and the plaintiff's failure to stipulate to less than amount in controversy). The Defendant having offered no other support for § 1332(a)'s

---

[5] The Defendant has actually cited to *Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1225 (N.D. Ala. 2012) (Hopkins, J.). However, the portion of *Griffith* relied on by the Defendant was simply part of a block quotation of the *Harmon* opinion.

requisite amount in controversy or for any other jurisdictional basis, the undersigned finds that the Defendant has failed to meet his burden of demonstrating subject matter jurisdiction over this case. Thus, this case must be remanded to state court. 28 U.S.C. § 1447(c).

Accordingly, under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that this case be **REMANDED** *sua sponte* to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[6]

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the

---

[6] The Court's local rules empower the undersigned Magistrate Judge to "[s]upervis[e] and determin[e] all pretrial proceedings" and to "make reports and recommendations" to the District Judge on dispositive matters. S.D. Ala. GenLR 72(a)(2)(S). Moreover, the parties' planning report (Doc. 8) has been referred to the undersigned Magistrate Judge for entry of a scheduling order. *See* S.D. Ala. GenLR 72(a)(2)(S) & (b); (6/9/2017 electronic reference). Because the "court is without power to do anything in the case" if "factual allegations do not assure the court it has subject matter jurisdiction," *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013), the undersigned is implicitly empowered to conduct this jurisdictional inquiry *sua sponte*.

district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 23rd day of June 2017.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**